UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN J. BANK,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>C.W. HOFFMAN,<br><br>　　　　　　　　　Defendant. | Case No. 2:13-cv-00967-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP App - Dkt. #1) |

　　　Plaintiff Steven J. Bank is proceeding in this action pro se and has submitted an Application to Proceed in Forma Pauperis (Dkt. #1) and submitted a complaint. He has also filed a one page so called Amended Complaint (Dkt #2) and four "Memoranda" (Dkt ## 3,4,5 &6) before the complaint was screened.

**I.    In Forma Pauperis Application**

　　　Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

　　　Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

   Plaintiff's complaint alleges that his civil rights were violated by United States Magistrate Judge C.W. Hoffman, "in his official capacity".  Specifically, Plaintiff alleges that Judge Hoffman misspelled a Defendant's name and omitted the appellation "The Honorable" in referring to her in a Report of Findings and Recommendation ("R&R") entered in another civil case brought by Plaintiff,  Case No. 2:13-cv-00891-RCJ-CWH.  He also contends that Judge Hoffman erroneously called a Justice of the Peace a judge in the same R&R.  As a result of these errors, Plaintiff alleges he was denied due process.  This is a frivolous complaint that does not state a claim on which relief may be granted, and it is clear from the face of the complaint that the deficiencies cannot be cured.  A typographical error and referring to a Justice of the Peace as a judge in a Report and Recommendation are, simply put, not a due process violation.

   Additionally, Plaintiff's "allegations" against Judge Hoffman involve actions taken by him in his official judicial capacity.  As a result, he is absolutely immune from suit.  The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *See Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *see also Miller v. Davis,* 521 F.3d 1142m 1145 (9th Cir. 2008);

*Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (stating "[j]udges . . . are absolutely immune from damage liability for acts performed in their official capacities"). It will therefore be recommended that Plaintiff's complaint be dismissed without leave to amend because amendment would be futile. *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494,497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

The co called Amended Complaint is a one page document which purports to incorporate the original complaint by reference and contains a caption indicating this is a civil rights complaint pursuant to 28 U.S.C. Section 1331 ("Bivens Action"). As it was filed before Bank was granted leave to proceed in forma pauperis, and prior to screening it will be stricken.

For all of these reasons,

**IT IS ORDERED**:

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.
3. The "Amended Complaint" (Dkt #2) is stricken.

**IT IS RECOMMENDED** that the Clerk of the Court be directed to FILE the complaint, and the complaint be DISMISSED WITH PREJUDICE.

Dated this 10th day of July, 2013.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

///

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.